IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHNNIE CEPHUS FENN, JR.,735082,:

     Plaintiff,          :

vs.                     :   CIVIL ACTION 16-0415-WS-M

ESTEL GERALD CAPPS,        :

     Defendant.        :

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, a Mobile County Metro Jail inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

I.  <u>Complaint</u>. (Doc. 1).

In the Complaint Plaintiff names Estel Gerald Capps of Theodore, Alabama, as the sole Defendant.  (Doc. 1 at 5).  Plaintiff does not allege that this Defendant was acting under color state law, nor do his allegations tend to show that Defendant acted color of state law.

Plaintiff alleges that in the third week of February, 2016,

he made a deal with Defendant to purchase the car in Defendant's yard for $19,500. (*Id.* at 4). He gave Defendant a post-dated check, saying that the funds would be available when Global Finance deposited money in his bank account. (*Id.*). Subsequently, on March 12, 2016, Plaintiff was arrested in Troy, Alabama, for outstanding tickets and a 9-year-old misdemeanor. (*Id.* at 4-5). Plaintiff was told to call someone to drive the car away. (*Id.* at 4).

Defendant Capps "recovered his car and pressed charges on [Plaintiff] for theft of property 1st degree and fin[ancial] exploitation of the elderly" and asked the court to make Plaintiff pay $19,200 twice for restitution. (*Id.*). Plaintiff claims that at the time he was arrested, the car had not been reported stolen, and it was 65 days later that a warrant was issued. (*Id.* at 4-5). The car was returned to Defendant without any damage. (*Id.* at 4). Based on these actions, Plaintiff claims to have suffered emotional distress, wrongful imprisonment, pain and suffering, mental anguish, lost wages, and loss of his residence. (*Id.* at 5).

For relief, Plaintiff wants Defendant to drop the charges because he was not given the opportunity to complete the deal and the car was returned to Defendant with no damage. In the event that the charges are not dropped, he wants a jury trial

and monetary compensation for his emotional distress and pain and suffering.  (*Id.* at 7).

II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).[1]  A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1]  *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B).  *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly,* 550 U.S. at 555, 557 (second brackets in original).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott,* 610 F.3d 701, 709 (11th Cir. 2010) (relying on *Iqbal*). Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal,* 556 U.S. at 681.  And a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S.

4

863 (1989).

III. <u>Analysis</u>.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: "(1) . . . the conduct complained of was committed by a *person acting under color of state law*; and (2) . . . this conduct deprived [him] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981) (emphasis added), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Because the Complaint does not depict Defendant as a typical state actor, it is necessary for the Court to determine if he, as a private party, acted under color of state law. To determine if a private party acts under color of state law, the United States Supreme Court uses three tests:

> (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. . . . The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." . . . The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." . . . The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise."

5

*Willis v. University Health Serv., Inc.*, 993 F.2d 837, 840
(11th Cir.) (citations omitted), *cert. denied*, 510 U.S. 976
(1993); *see* Weaver *v. James Bonding Co.*, 442 F. Supp.2d 1219,
1224-27 (S.D. Ala. 2006).  The Court notes that "[o]nly in rare
circumstances can a private party be viewed as a "state actor"
for section 1983."  *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th
Cir. 1992).

In the present action, Defendant is a person who does not
typically act under color of state law.  That is, Defendant is a
private individual who agreed to sell his car to Plaintiff.
Moreover, Plaintiff does not allege that Defendant acted under
color of state law, and the allegations do not indicate that
Defendant performed a traditional state function, was coerced by
the State, or was a joint participant with the State in a
business.  Therefore, based on Plaintiff's allegations, the
Court concludes that Plaintiff has failed to state a claim
against Defendant.  *See Collins v. Womancare,* 878 F.2d 1145,
1155 (9th Cir.) (holding that a private party merely complaining
to the police or providing information to the police about the
perpetrator of a crime does not transform a private party into a
state actor), *cert. denied,* 493 U.S. 1056 (1990); *Meade v.
Dillard Dep't Stores,* 275 F.3d 43, at *4 (5th Cir.
2011)(unpublished) (finding that joint liability "requires a

6

substantial degree of cooperative action between the private actor and governmental officials"); *Manax v. McNamara,* 842 F.2d 808, 813 (5th Cir. 1988) (holding that "[p]roviding information to the state and pressing for more state action against an individual, without more, cannot suffice to make a private entity liable under section 1983 as a state actor"); *Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc.*, 673 F.2d 771, 772 (5th Cir. 1982) (holding where the police officer made his own decision to arrest, his reliance on a private party's information did not convert the private party into a state actor). The Court, therefore, concludes that Defendant did not act under color of state law. Thus, Plaintiff failed to state a § 1983 claim upon which relief can be granted against Defendant.

IV. <u>Conclusion</u>.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff failed to state a claim upon which relief may be granted.[2] *Cf. Eatmon v. Pilgrim Pride Chicken Plant,* 2012 WL

---

[2] An alternate basis exists for the dismissal of this action. Section 28 U.S.C. § 1915 provides for the dismissal of an action that is malicious. 28 U.S.C. § 1915(e)(2)(B)(i). An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint form under penalty of perjury, as such a

complaint "constitutes abuse of the judicial process warranting dismissal of the case without prejudice." *Thompson v. Quinn*, 2012 WL 6761569, at *1 (N.D. Fla. 2012) (unpublished) (collecting cases), *adopted*, 2013 WL 45259 (N.D. Fla. 2013); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under § 1915(g) an action that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007).

In the action at hand, Plaintiff responded with "no" to the inquiry whether he had filed lawsuits relating to his imprisonment. (Doc. 1 at 3). He then signed his Complaint under penalty of perjury. (Doc. 1 at 7). However, PACER (Public Access to Court Electronic Record) shows that Johnny C. Fenn, Jr., #238558, filed *Fenn v. Hughes*, CA 2:05-cv-00515-MEF-WS (M.D. Ala. 2007), for excessive force by Troy, Alabama, police officers. In addition, Johnny C. Fenn, Jr., # 238558, filed *Fenn v. Judge Robert Barr*, CA 2:09-cv-01081-KOB-JEO (N.D. Ala. 2009), for the unlawful revocation of his probation due to charges for first-degree robbery and fraudulent use of a credit card. (Doc. 1 at 3-4). Lastly, Johnny Cephus Fenn, Jr., # 238558, filed *Fenn v. Warden Cheryl Price*, CA 2:11-cv-03633-AKK-JEO (N.D. Ala. 2013), in which he complains about central records having an incorrect social security number for him, which caused an inaccurate calculation of his sentence.

Plaintiff's signature on these three prior complaints is similar to the signature on the present complaint, but for the different spelling of the first name. (Doc. 1 at 7). The inmate number on the present Complaint is different from his prior AIS number, but this number may just be the jail's inmate number. In passing the Court notes that these three actions were dismissed for failure to prosecute or to obey the court's order.

The Court concludes that Plaintiff filed these three prior complaints and that he lied under penalty of perjury about them when he filed the present Complaint. Accordingly, the Court finds Plaintiff's action is due to be dismissed as malicious. *Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished); *Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished); *Jackson v. Florida Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir.) (unpublished), *cert. denied*, 133 S.Ct. 2050 (2013); *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (unpublished), *cert. denied*, 562 U.S. 1013 (2010); *Young*

1319537, at *1 (M.D. Ala. Mar. 20, 2012) (unpublished) (finding that the work-release inmate's claims against his employer, Pilgrim Pride, and his supervisor were *frivolous* because these Defendants did not act under color of state law and, therefore, his claims lacked an arguable basis in law).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of

---

*v. Secretary Fla. Dep't of Corr.*, 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished).

a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 17th day of October, 2016.

s/BERT W. MILLING, JR.
BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE